UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **KELVIN LOVE** <br>     **Fed. Reg. No. 09677-035** <br> **VS.** <br><br> **J.P. YOUNG, ET AL.** | **CIVIL ACTION NO. 07-0943** <br><br> **SECTION P** <br> **JUDGE MELANÇON** <br> **MAGISTRATE JUDGE METHVIN** |

*REPORT AND RECOMMENDATION*

Before the court is an Application for Federal Writ of Habeas Corpus Under 28 U.S.C. §2241 [doc. 1-1] and an "Application for Writ of Habeas Corpus Brought in the Nature of Common Law Writ of Habeas Corpus," [doc. 1-3] filed on May 31, 2007 by pro se petitioner Kelvin Love.[1]

Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP); he is incarcerated at the Federal Correctional Institute, Oakdale, Louisiana where he is serving a 264-month sentence imposed following his 1998 conviction for possession with intent to distribute cocaine base and cocaine hydrochloride (21 U.S.C. §841) in the Alexandria Division of this court. See *United States of America v. Kevin Love, a/k/a Kelvin Love*, No. 1:97-cr-10008 [hereinafter, *Love I*]. Petitioner collaterally attacks this conviction and argues four grounds for relief.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petitions and motions be **DENIED** and **DISMISSED WITH PREJUDICE.**

---

[1] Petitioner has also filed a pleading entitled "Motion to Request Judicial Notice In the Nature of Rule 201(d) of the Federal Rules of Evidence" [doc. 2] and a pleading purporting to be an "Amended Complaint." [doc. 3]

### *Background*

On February 27, 1997, petitioner was indicted and charged with possession with intent to distribute cocaine base and cocaine hydrochloride (21 U.S.C. §841) [*Love I*, doc. 1].  On February 25, 1998 petitioner pled guilty [id., docs. 35-39] and on May 22, 1998 he was sentenced to serve 264 months in prison in the custody of the BOP [id., doc. 41].  Petitioner appealed his sentence and on February 11, 1999, his sentence was affirmed by the Fifth Circuit Court of Appeals. *United States of America v. Kevin Love, also known as Kelvin Love*, No. 98-30569 (5th Cir. 1999) (unpublished). [id., doc. 51]

On February 9, 2000 petitioner filed a Motion to Vacate pursuant to 28 U.S.C. §2255 raising claims of ineffective assistance of counsel based on: (1) counsel's dismissal, without permission, of a motion to suppress; (2) counsel's failure to object to outrageous government conduct (coercion of witnesses); and (3) counsel's failure to file a motion to withdraw petitioner's guilty plea. [id., doc. 54]

On August 14, 2000, petitioner's Motion to Vacate was denied and dismissed with prejudice. [id., docs. 57-58]  On January 31, 2001, the Fifth Circuit denied petitioner's request for a Certificate of Appealability. *United States of America v. Kevin Love, also known as Kelvin Love*, No. 00-31210 (5th Cir. 2001) (unpublished). [id., doc. 65]  On May 14, 2001 his petition for writ of *certiorari* was denied by the United States Supreme Court. [id., doc. 66]

On August 6, 2004 petitioner filed a Rule 60(b) Motion. [id., doc. 67]   The motion was denied on August 20, 2004. [id., doc. 68]   On February 22, 2005 the Fifth Circuit denied his request for a Certificate of Appealability. *United States of America v. Kevin Love, also known as Kelvin Love*, No. 04-30939 (5th Cir. 2005) (unpublished). [id., doc. 73]  On October 21, 2005,

3

petitioner filed a "Motion for Leave to File Relation-Back Motion Pursuant to Rule 15(c) of the Federal Rules of Civil Procedure." [*id.*, doc. 74]  On November 21, 2005, this motion was construed as a successive §2255 motion and denied. [*id.*, doc. 80]  On February 22, 2006 petitioner filed another Motion to Vacate. [id., doc. 85] On January 12, 2007 the Motion to Vacate was dismissed because petitioner had not obtained permission from the Fifth Circuit to file a second and successive §2255 Motion. [*id.*, doc. 92]

On the same date petitioner filed a petition for writ of habeas corpus in the United States District Court for the District of Columbia. *Kelvin Love v. Alberto Gonzales, et al.*, No. 1:07-cv-00068 (D.C.D.C.)  In this petition he attempted to collaterally attack his 1998 conviction.  On April 30, 2007 the action was dismissed for lack of jurisdiction over petitioner's custodian.

Previously, on July 23, 2001, while petitioner was incarcerated at the Federal Corrections Institute, Three Rivers, Texas, he filed a *habeas corpus* petition pursuant to 28 U.S.C. §2241 attacking his 1998 conviction.  That matter was dismissed because petitioner failed to show that the remedy afforded by §2255 was inadequate or ineffective to test the legality of his detention and that he was therefore entitled to bring such an action under §2244. See *Kelvin Love v. Michael Purdy, Warden,* No. 2:01-cv-00322 (SD Tex.).

Petitioner filed the instant petitions for *habeas corpus* on May 31, 2007.  He once again attacks his 1998 conviction and the legality of his continued detention and alleges that his defense counsel was ineffective because he failed to challenge the jurisdiction of the United States Court where petitioner was convicted. [doc. 1-1, pp. 4-5; doc. 1-3, pp. 3, 8][2]  He claims

---

[2] To be precise, petitioner alleges that his trial counsel was ineffective for failing to challenge the "Lack of federal legislative jurisdiction over the locus in quo; the lack of federal subject matter jurisdiction over the alleged prohibitive conduct – want of commerce nexus; misapplication of federal law, where such is unenacted, [sic] unpromulgated, [sic]  and unimplemented." [doc. 1-1, p. 5]

4

that the remedy provided by 28 U.S.C. §2255 is inadequate "Because the Legislative Territorial Court wherein the issues now complained of arose, lacks the Constitutional authority to entertain and to adjudicate the issues herein, thus a §2255 Motion is inadequate and inappropriate." [ doc. 1-3, p. 10]

*Law and Analysis*

The initial inquiry is whether or not petitioner's claims may be properly raised in a § 2241 *habeas corpus* petition (or a "Writ of Habeas Corpus Brought in the Nature of Common Law Writ of Habeas Corpus" for that matter.)  Section 2241 is generally used to challenge the manner in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the legality of their convictions or sentences. See *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir.1990).

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." See *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena,* 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or

5

ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective.  *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner attacks the legality of his conviction. He claims that his attorney rendered ineffective assistance when he failed to challenge the jurisdiction of the court which convicted him.  Such claims are more properly raised in a Motion to Vacate filed pursuant to §2255. Therefore, as shown above, he may bring this *habeas* action only if he can demonstrate that §2255's remedy is "inadequate or ineffective to test the legality of his detention." Since petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense nor shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate his *habeas corpus* petitions must be dismissed for lack of jurisdiction. See *Tran v. Conner*, 275 F.3d 1081 (5th Cir. 2001).

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Application for Federal Writ of Habeas Corpus Under 28 U.S.C. §2241 [doc. 1-1], and his "Application for Writ of Habeas Corpus Brought in the Nature of Common Law Writ of Habeas Corpus," [doc. 1-3] be **DENIED** and **DISMISSED WITH PREJUDICE** for lack of jurisdiction;

**IT IS FURTHER RECOMMENDED THAT** his Motions to Request Judicial Notice in the Nature of Rule 201(d) of the Federal Rules of Evidence [doc. 2] and his Motion to Amend and Correct [doc. 3] be **DENIED.**

6

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on July 19, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)